**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| THOMAS EDWARD HUMPHREY, | ) |
|  | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) No. 1:24-cv-10575-JEK |
| CALIFORNIA HIGHWAY PATROL, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

**ORDER**

**KOBICK, J.**

Plaintiff Thomas Edward Humphrey, a resident of Boston, Massachusetts, filed his self-prepared complaint against the California Highway Patrol asserting claims that arise from a traffic stop in Sonoma, California, on August 8, 2023. For the following reasons, Court will direct plaintiff to show cause why this action ought not be transferred to the Eastern District of California.

**DISCUSSION**

Under the general venue statute, a federal civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under Section 1391(c)(2), an "entity with the capacity to sue and be sued," is deemed to reside in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question.  *See* 28 U.S.C. § 1391(c)(2).

Here, plaintiff sues the California Highway Patrol.  Venue does not appear to be proper in this Court under § 1391(b)(1) because nothing suggests that the defendant resides in Massachusetts, where this district is located.  Venue may be proper in this court under § 1391(b)(2), but only if a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district.  Plaintiff does not allege such facts.  Rather, his allegations suggest that the events giving rise to his claims occurred in California. Therefore, it appears that venue under both Sections 1391(b)(1) and 1391(b)(2) is proper in the Eastern District of California.

Even if this Court is a proper venue, the Court may transfer the case to any other court whether it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).

## CONCLUSION

For the foregoing reasons, plaintiff shall, by April 26, 2024, show cause why this action ought not be transferred to the Eastern District of California.  Failure to comply with this Order will likely result in dismissal of this action.

SO ORDERED.

/s/ Julia E. Kobick
Julia E. Kobick
United States District Judge

Dated: April 12, 2024

2