

# DISTRICT COURT OF THE UNITED STATES
## for the
## EASTERN DISTRICT OF CALIFORNIA

MAY 17 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
       DEPUTY CLERK

Thomas Edward Humphrey,
    Plaintiff,

v.                          CIVIL ACTION NO. 1:24-cv-00443-BAM

CALIFORNIA HIGHWAY PATROL,
    Defendant,

### RE: PLAINTIFF'S MOTION TO AMEND COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)
### May 14, 2024

NOW COMES the Plaintiff, Thomas Edward Humphrey, **In Propria Persona**, and respectfully submits this Motion to Amend Complaint pursuant to Federal Rule of Civil Procedure 15(a), and in support thereof, states as follows:

1. This is a civil action originally brought under the mistaken application of the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671-2680), wherein Plaintiff sought redress for damages caused by the actions of the CALIFORNIA HIGHWAY PATROL.

2. On 03/06/2024, Plaintiff filed the original Complaint in this matter, asserting claims for relief under the Federal Tort Claims Act, believing in good faith that it was the correct statutory avenue for claims against all government employees.

3. Subsequent to the filing of the original Complaint, the Plaintiff has ascertained that in order to bring a claim against the CALIFORNIA HIGHWAY PATROL, claims are to be pursued under the California Tort Claims Act (California Government Code § 810 et seq.) due to the state-level nature of the Defendant's conduct and the inapplicability of the Federal Tort Claims Act to local police departments.

4. The Plaintiff asserts that the original claim was timely filed within the 6 month statute of limitations as provided by California Government Code § 911.2

5. Federal Rule of Civil Procedure 15(a) provides that the court should "freely give leave [to amend] when justice so requires." This liberal policy of amendment is designed to facilitate a proper decision on the merits, rather than on the pleadings or technicalities.

6. The United States Supreme Court has held that leave to amend should be freely given in the absence of any apparent or declared reasons such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment.

7. In the present case, granting leave to amend will serve the interests of justice. There has been no undue delay on the part of Plaintiff, as the need for amendment became apparent only after the discovery of the legal misapprehension regarding the applicable statute.

8. There is no evidence of bad faith or dilatory motive in Plaintiff's conduct. The mistake was an honest error in the selection of the statutory regime under which to bring the claim, and there is no indication that Plaintiff sought to mislead the Court or the Defendant.

9. The Defendant will not be prejudiced by the amendment since the factual allegations and the basis for the claims remain unchanged. The amendment solely seeks to correct the statutory framework for the existing factual allegations and causes of action.

10. The amendment is not futile but is essential for Plaintiff to assert claims under the correct legal authority and to seek justice for the alleged wrongs suffered.

11. The Plaintiff affirms their right to be secure in their property, possessions, effects, and person, as protected by the Constitution of the United States of America, and seeks redress for the alleged violations.

12. The Plaintiff maintains their right, as guaranteed by the First Amendment, to petition for redress of grievances and seeks correction of wrongs and reparation for the harms suffered.

13. The Plaintiff relies on the principle "*Ubi Jus Ibi Remedium*," asserting that the law must provide a remedy for every wrong.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to grant the Motion to Amend Complaint to allow Plaintiff to amend the original Complaint to assert the proper claims under the California Tort Claims Act. Plaintiff further requests that the Court consider the timeliness of the initial filing to apply to the California Tort Claims Act, taking into account the good faith error and the absence of prejudice to Defendant.

Plaintiff submits that granting this Motion will serve the interests of justice by permitting the action to proceed on its merits under the proper legal framework.

Thank you for your attention to this matter.

**Dated: May 14, 2024**

Respectfully submitted,

*TH* All Rights Reserved
Thomas Edward Humphrey
*Plaintiff, In Propria Persona*
12 Summer Street Apt 2
Boston, Mass. Republic [ 02129 ]
thomasehumphrey@gmail.com

cc. California Highway Patrol
   Commissioner, **Sean Duryee**
   601 North 7th Street
   Sacramento, CA 9581
   **Certified Mail No. 7022 0410 0000 6008 8615**