UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EDWARD HUMPHREY,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA HIGHWAY PATROL,<br><br>  Defendant. | Case No. 1:24-cv-00443-BAM<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER (Doc. 12)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Thomas Edward Humphrey, proceeding *pro se*, filed the instant civil action on March 6, 2024, in the United States District Court, District of Massachusetts (Boston). (Doc. 1.) The matter was transferred to this Court on April 15, 2024. (Doc. 11.) Plaintiff neither paid the filing fee for this action nor submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On April 23, 2024, the Court ordered Plaintiff to submit an application to proceed *in forma paupers* or pay the $405.00 filing fee within thirty (30) days of service of the Court's order. (Doc. 12.) Plaintiff was warned that failure to comply with the Court's order would result in a recommendation for dismissal of this action. (*Id.*) More than thirty days have passed since service of the Court's order and Plaintiff has not filed an application to proceed *in forma pauperis* or paid the filing fee. Instead, on May 17, 2024, Plaintiff filed the following documents: (1) Motion to Amend Complaint Pursuant to Federal Rule of Civil Procedure 15(a) (Doc. 13); (2)

Plaintiff's Memorandum of Law in Support of Tort Claim (Doc. 14); and (3) Affidavit/Declaration of Truth (Doc. 15). Plaintiff's Affidavit/Declaration of Truth (Doc. 15) addresses the Court's order directing submission of an application to proceed *in forma pauperis* or payment of the filing fee to proceed with this action. (Doc. 15.) Plaintiff asserts that he has a lawful right to proceed in this action without cost. (*Id.* at 13-14.) Plaintiff contends:

> The court order demanding I submit an application to proceed in forma pauperis or to pay a $405.00 filing fee within 30 days, is not lawfully recognized and therefore VOID of any real validity in law, because it is fundamentally at odds with the core principles of our Constitution and the inalienable rights it guarantees to every citizen. This restricted access is a matter of grave constitutional concern.

(*Id.* at 14.) Plaintiff states, "I am exercising my lawful right to demand that you file the instant action at law without imposing any fees or costs upon me." (*Id.* at 15.)

Federal law requires a party initiating a civil action, suit, or proceeding in any district court of the United States, except an application for writ of habeas corpus, to pay a $350.00 filing fee, 28 U.S.C. § 1914(a), plus a $55.00 administrative fee, 28 U.S.C. § 1914(b).[1] However, the court may authorize the commencement of an action "without prepayment of fees ... by a person who submits an affidavit" showing that he is unable to pay such fees. 28 U.S.C. § 1915(a); *see Robb v. California Air Res. Bd.*, No. 2:23-cv-1013-DJC DB PS, 2023 WL 7092105, at *1 (E.D. Cal. Oct. 26, 2023); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) (indicating 28 U.S.C. § 1915(a)(1) "allows the district court to waive the [filing] fee, for most individuals unable to afford it, by granting [*in forma pauperis*] status.").

Despite the Court's order, Plaintiff has failed to submit the filing fee or an application to proceed *in forma pauperis*. Plaintiff's response gives no indication that he is attempting to submit either the fee or the application, or that he has any intention of doing so in this action. The Court therefore will recommend that this action be dismissed, without prejudice, based on the failure to comply with the Court's order and failure to pay the filing fee or submit an application

---

[1] *See Musgrove v. Curiel*, No. 3:23-cv-01613-RBM-AHG, 2024 WL 1496216, at *3 n.3 (S.D. Cal. Apr. 5, 2024) (citations omitted), ("In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.").

2

to proceed *in forma pauperis*.

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (standards governing dismissal for failure to comply with court orders). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*,460 F.3d at 1226 (citation omitted).

As indicated above, a civil action may not proceed absent the submission of either the filing fee or an application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914, 1915. As Plaintiff has failed to pay the filing fee or file the proper application to proceed *in forma* pauperis, and has given no indication that he intends to do so, the Court is left with no alternative but to dismiss this action. This action can proceed no further without Plaintiff's cooperation and compliance. The matter cannot simply remain idle on the Court's docket awaiting Plaintiff's compliance. Thus, the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  Plaintiff was expressly warned that his failure to comply would result in a recommendation for dismissal of this action.  (Doc. 12 at p. 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction.  Given Plaintiff's failure to respond to the Court's order or pay the filing fee, monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, for Plaintiff's failure to comply with the Court's order and for failure to pay the filing fee or submit the proper application to proceed *in forma pauperis*.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on

4

appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

| Dated: **May 29, 2024** | /s/ *Barbara A. McAuliffe* |
|---|---|
| | UNITED STATES MAGISTRATE JUDGE |