# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EDWARD HUMPHREY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL,<br><br>Defendant. | No. 1:24-cv-00443 JLT BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION WITHOUT PREJUDICE<br><br>(Doc. 17) |

Thomas Edward Humphrey, proceeding *pro se*, filed this civil action on March 6, 2024, in the United States District Court, District of Massachusetts (Boston). (Doc. 1.) The matter was transferred to this Court on April 15, 2024. (Doc. 11.) Plaintiff failed to pay the filing fee or apply to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On April 23, 2024, the Court ordered Plaintiff to apply to proceed *in forma pauperis* or pay the $405.00 filing fee within 30 days of service of the Court's order. (Doc. 12.) The Court warned Plaintiff that failure to comply with the Court's order would result in a recommendation for dismissal of this action. (*Id.*) Plaintiff did not apply to proceed *in forma pauperis* or pay the filing fee. Instead, on May 17, 2024, Plaintiff filed the following documents: (1) Motion to Amend Complaint Pursuant to Federal Rule of Civil Procedure 14(a); (2) Plaintiff's Memorandum of Law in Support of Tort Claim; and (3) Affidavit/Declaration of Truth. (Docs. 13-15.)

On May 30, 2024, the assigned magistrate judge issued Findings and Recommendations that addressed Plaintiff's Affidavit/Declaration of Truth.  In the Affidavit/Declaration of Truth, Plaintiff asserted that he has a lawful right to proceed in this action without cost. (Doc. 15 at 13-14.)  Plaintiff contended that the Court's order was "not lawfully recognized and therefore VOID of any real validity in law, because it is fundamentally at odds with the core principles of our Constitution and the inalienable rights it guarantees to every citizen."  (*Id.* at 14.)  Plaintiff also stated: "I am exercising my lawful right to demand that you file the instant action at law without imposing any fees or costs upon me."  (*Id.* at 15.)

The magistrate judge explained that federal law requires a party initiating a civil action, suit, or proceeding in any district court of the United States, except an application for writ of habeas corpus, to pay a $350.00 filing fee, 28 U.S.C. § 1914(a), plus a $55.00 administrative fee, 28 U.S.C. § 1914(b).  The magistrate judge further explained that the Court may authorize the commencement of an action "without prepayment of fees ... by a person who submits an affidavit" showing that he is unable to pay such fees. 28 U.S.C. § 1915(a); *see Robb v. California Air Res. Bd.*, No. 2:23-cv-1013-DJC DB PS, 2023 WL 7092105, at *1 (E.D. Cal. Oct. 26, 2023); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) (indicating 28 U.S.C. § 1915(a)(1) "allows the district court to waive the [filing] fee, for most individuals unable to afford it, by granting [in forma pauperis] status.").  Plaintiff did neither.

The magistrate judge determined that Plaintiff's response gave no indication that he was attempting to submit the required fee or the application, or that he had any intention of doing so in this action. (Doc. 17 at 2.)  The magistrate judge therefore recommended that this action be dismissed without prejudice based on Plaintiff's failure to comply with the Court's order and failure to pay the filing fee or apply to proceed *in forma pauperis*.  (*Id.*)

The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 14 days.  (Doc. 17 at 4.)  The Court also informed Plaintiff that "the failure to file objections within the specified time may result in the waiver of the 'right to challenge the magistrate's factual findings' on appeal." *(Id.* at 4-5, quoting W*ilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).)  Plaintiff did not file objections and the time to do so has

passed.

According to 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 30, 2024 (Doc. 17) are **ADOPTED**.
2. This action is **DISMISSED** without prejudice.
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 27, 2024**

UNITED STATES DISTRICT JUDGE

3